IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN ANDREW KISTER, #264 274, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:20-CV-758-CSC |
| ) | [WO] |
| RUTH NAGLICH, *et al.*, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION[1]**

**I. INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Plaintiff, a state inmate incarcerated at the Bullock Correctional Facility in Union Springs, Alabama, against Dr. Tahir Siddiq, Associate Commissioner Ruth Naglich, and Warden Patrice Jones. Pending is Plaintiff's request for a preliminary injunction in which he alleges a denial of adequate medical treatment for blurred vision. Doc. 3. The court entered an order directing the medical defendant to file a response to the motion for preliminary injunction and to show cause why the motion should not be granted. In accordance with the order of the court, Dr. Siddiq filed a response to Plaintiff's request for issuance of a preliminary injunction. Doc. 12. Dr. Siddiq also submitted a declaration and Plaintiff's relevant medical records. Docs. 12-1, 12-2. Upon consideration of Plaintiff's motion for preliminary injunction and Defendant Siddiq's response, the court concludes the motion for preliminary injunction should be denied.

---

[1] The parties in this case have consented to the exercise of jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c) for all proceedings. Specifically, the parties executed a written consent form which reads, in relevant part, that in accordance with the provisions of § 636(c) and Federal Rule of Civil Procedure 73, the parties in this case "consent to have a United States Magistrate Judge conduct all proceedings in this case, including trial, the entry of a final judgment, and post-judgment proceedings." *See* Doc. 27.

## II. STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Plaintiff demonstrates each of these prerequisites: (1) a substantial likelihood of success on the merits; (2) irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Id.*; *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber & Yacht Corp.*, 697 F.2d 1352, 1354-55 (11th Cir. 1983). "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Mem'l Hosp. Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

**III. DISCUSSION**

Dr. Siddiq submitted an affidavit with relevant excerpts from Plaintiff's medical records. Docs. 12-1, 12-2. Dr. Siddiq argues Plaintiff has failed to show a substantial likelihood of success on his Eighth Amendment claim for inadequate medical care. A violation of the Eighth Amendment requires a showing of "deliberate indifference" to an inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Specifically, an inmate must show that: (1) the prison officials had subjective knowledge of a risk of serious harm; (2) the prison officials disregarded that risk; and (3) the conduct rises above mere negligence. *McElligott v. Foley*, 182 F.3d 1248 (11th Cir. 1999). To establish an objectively serious deprivation of medical care, a prisoner must establish: (1) an objectively serious medical need, and (2) that the response made to the need was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or medical malpractice. *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000). A "serious medical need" is one that has been diagnosed by a physician as mandating treatment or one so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and, in either case, must be one that if left unattended poses a substantial risk of serious harm. *Kelley v. Hicks*, 400 F.3d 1282, 1284 n. 3 (11th Cir. 2005).

Delay of treatment for a serious condition can rise to the level of deliberate indifference where delay would detrimentally exacerbate the medical problem, the delay does seriously exacerbate the medical problem, and the delay is medically unjustified. *Taylor*, 221 F.3d at 1259-60 (11th Cir. 2000) (*citing Hill v. Dekalb Reg'l Youth Ctr*., 40 F.3d 1176, 1187 (11th Cir. 1994), *overruled on other grounds by, Hope v. Pelzer*, 536 U.S. 730, 739 (2002)); *Lancaster v. Monroe County, Ala*., 116 F.3d 1419, 1425 (11th Cir. 1997). Whether the delay was tolerable depends on

the nature of the medical need and the reason for the delay. *Farrow v. West*, 320 F.3d 1235, 1247 (11th Cir. 2003).

Assuming Plaintiff suffers from a serious medical condition, Defendant Siddiq's evidence reflects Plaintiff he has received medical treatment from both prison healthcare staff and free world medical providers for his medical issues and concerns regarding his complaints of blurred vision and a "splotch" on his right eye. On September 21, 2020, Dr. Bradford, an optometrist, conducted a vision exam on Plaintiff and ordered glasses for him. On October 2, 2020, Plaintiff received the eyeglasses ordered by Dr. Bradford. After seeing Dr. Bradford and receiving his new glasses, Plaintiff advised medical personnel the glasses did not help him and indicated his dissatisfaction with the services of Dr. Bradford. Medical staff have begun arrangements for Plaintiff to be seen at the Dothan Eye Clinic. Dr. Siddiq affirms Plaintiff's medical care and treatment regarding his vision have not been delayed or denied. Docs. 12-1, 12-2.

The medical treatment provided to Plaintiff does not, at this stage of the proceedings, reflect deliberate indifference. To the extent that there exists a difference of opinion on the provision of medical care, such a difference will seldom rise to the level of a constitutional violation and, based on the records filed so far, does not do so here. *Hamm v. DeKalb*, 774 F.2d 1567, 1575 (11th Cir. 1985) (holding that where a prisoner receives adequate medical care but desires to receive a different mode of treatment, the care provided does not amount to deliberate indifference); *Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) (holding that whether a defendant should have used additional or different diagnostic techniques or forms of treatment "is a classic example of a matter for medical judgment and therefore not an appropriate basis for liability under the Eighth Amendment."). Thus, as to the first prerequisite for issuance of preliminary injunctive relief, the court finds that Plaintiff has failed to show a substantial likelihood

of success on the merits, and his motion for preliminary injunction is due to denied for this reason alone. Further, Plaintiff has failed to allege there is a substantial threat he will suffer irreparable injury if the injunction is not granted. *See generally Sampson v. Murray*, 415 U.S. 61, 90 (1974) (internal quotation omitted) (explaining that the "possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."). The court also cannot conclude that any threatened injury outweighs the potential damage that the requested injunction may cause by constraining the ability of medical personnel to exercise their professional judgment concerning the appropriate manner in which to provide medical treatment to an inmate who asks, without apparent medical training of his own, for a different course of treatment. Finally, the public interest element of the equation is, at best, a neutral factor at this juncture. Plaintiff has therefore failed to meet his burden of demonstrating the existence of each element necessary to warrant the issuance of preliminary injunctive relief.

## IV.  CONCLUSION

A preliminary injunction is "not to be granted unless the movant clearly establish[es] the burden of persuasion as to all four elements." *CBS Broadcasting v. Echostar Communications Corp.*, 265 F.3d 1193, 1200 (11th Cir. 2001) (internal quotations omitted).  Plaintiff has failed to carry his burden of persuasion on the four requisite elements as is required to establish entitlement to preliminary injunctive relief.  For these reasons, a  preliminary injunction is not warranted. Therefore, Plaintiff's motion for a preliminary injunction, as supplemented (Docs. 3, 5) is DENIED.

Done, this 8th day of December 2020.

                                    /s/   Charles S. Coody
                                    CHARLES S. COODY
                                    UNITED STATES MAGISTRATE JUDGE